UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: | ) |
| | ) |
| **Joseph Victor Ross and** | ) |
| **Ashley Nichole Dillard,** | ) Case No. 18-61269-can7 |
| | ) |
| Debtors. | ) |
| | ) |
| | ) |
| **State of Missouri ex rel.** | ) |
| **Attorney General Eric S. Schmitt,** | ) |
| Plaintiff, | ) |
| | ) Adv. No. 19-6007-can |
| v. | ) |
| | ) |
| **Joseph Victor Ross and** | ) |
| **Ashley Nichole Dillard,** | ) |
| Defendants. | ) |
| | ) |

**ORDER**
**(i) GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE**
**AMENDED COMPLAINT (ECF No. 43);**
**(ii) ABSTAINING FROM HEARING THE CLAIMS UNDER THE MISSOURI**
**MERCHANDISING PRACTICES ACT;**
**and**
**(iii) GRANTING PLAINTIFF'S MOTION FOR ABEYANCE OF THE ADVERSARIAL**
**ACTION DURING THE PENDENCY OF THE STATE COURT CASE (ECF No. 44)**

The plaintiff in this action, State of Missouri ex rel. Attorney General Eric S. Schmitt, is litigating a pending state court lawsuit alleging that the debtor-defendants, Joseph Ross and Ashley Dillard, violated the Missouri Merchandising Practices Act (the "MMPA").[1] In that action, the State is seeking injunctive relief, restitution, and civil penalties against the debtors in connection

---
[1] Mo. Rev. Stat. §§ 407.010 et seq.

with their custom furniture business. After the debtors filed their chapter 7 bankruptcy case, the State filed this adversary proceeding, asserting the same MMPA causes of action as in the state court lawsuit, and asking that any money judgment under the MMPA be declared nondischargeable under 11 U.S.C. § 523(a)(2)(A). The State is now asking that the MMPA issues be tried by the state court, and if a money judgment is entered there, that this court rule on the dischargeability of such judgment. The debtors prefer to have the entire matter heard in the bankruptcy court. This court agrees with the State that the MMPA issues should be tried in the state court.

*Factual Background* [2]

From 2013 to 2018, the debtors operated a furniture-making business known as Rough Country Rustic Furniture and Rustic Concealment Solutions.[3] They sold products ranging from painted wooden signs for $15 to large multiple-piece bedroom sets for $2,000, mostly taking customers' orders and transacting business through email, online messaging, social media, and websites. According to debtors' counsel, the business grew so quickly that the debtors became unable to fulfill orders as a result. They also allege a former business partner sabotaged the business, exacerbating problems with fulfilling orders for furniture and with refunding moneys paid by customers for orders that were not filled. The State alleges that more than 1,400 consumers, who paid the debtors a total of more than $1.2 million, did not receive the items they paid for.

On July 31, 2018, the State filed a five-count petition against the debtors – as well as two limited liability companies they own[4] – in the Circuit Court of Wright County, Missouri.[5] The

---

[2] The factual background is taken from the pleadings and statements of counsel at hearings before this court. The facts recited here are not findings by this court.
[3] Whether the debtors operated the businesses through limited liability companies, or as sole proprietorships, is a disputed issue.
[4] Rough Country Rustic Furniture, LLC and Rustic Concealment Solutions, LLC.
[5] Case No. 18WR-CC00036 in the Circuit Court of Wright County, Missouri.

State alleges that the debtors and their companies violated § 407.020 of the MMPA which, generally speaking, makes it unlawful for any person to employ "deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce" in or from the state of Missouri.[6] The statute further provides that any person who "willfully and knowingly" engages in one of these unlawful acts "with the intent to defraud," shall be guilty of a class E felony.[7] The statute assigns the duty to commence criminal actions under this section to the prosecuting attorneys and circuit attorneys in their respective jurisdictions.[8]

The State's five-count state court petition alleges that the defendants violated the MMPA by making false promises, making misrepresentations, omitting material facts, using deception, and engaging in unfair practices. The State also makes alter ego allegations concerning the manner in which the defendants operated the business. The State seeks the following relief for the alleged violations in its state court petition:

A. Finding that the Defendants have violated the provisions of § 407.020, RSMo.

B. Issuing any injunctive relief pursuant to § 407.100, RSMo. necessary to prevent violations of 407.020, RSMo., up to and including prohibiting and enjoining Defendants and their agents, servants, employees, representatives, and other individuals acting at their direction or on their behalf from owning or operating businesses engaged in online sales of furniture and home décor in Missouri and from accepting money for goods not yet provided.

C. Requiring Defendants pursuant to § 407.100.4, RSMo. to provide full restitution to all consumers from whom Defendants have received monies and who have been aggrieved by the use of any of the unlawful, unfair, or deceptive acts and practices alleged herein.

---

[6] Mo. Rev. Stat. § 407.020.1.
[7] Mo. Rev. Stat. § 407.020.3. The State's state court petition does not include a felony count. Therefore, it is not clear to this court whether the State is, or plans to, pursue criminal penalties against the defendants.
[8] Mo. Rev. Stat. § 407.020.4.

    D. Requiring Defendants pursuant to § 407.140.3, RSMo. to pay to the State an amount of money equal to 10% of the total restitution ordered against Defendants, or such other amount as the Court deems fair and equitable.

    E. Requiring Defendants pursuant to § 407.130, RSMo. to pay all court, investigative, and prosecution costs of this case.

    F. Requiring all Defendants pursuant to § 407.100.6, RSMo. to pay to the State a civil penalty in such amounts as allowed by law per violation of Chapter 407 that the Court finds to have occurred.

    G. Requiring Defendants to pay prejudgment interest on all restitution amounts awarded by this Court.

    H. Granting any additional relief that the Court deems proper on the premises.[9]

While the state court litigation was proceeding in Wright County, the debtors filed this chapter 7 bankruptcy case on November 9, 2018, triggering the automatic stay.[10] According to the state court docket sheet, the defendants quickly filed a motion to stay the state court proceedings, and the State filed a counter-motion for a determination that the automatic stay did not apply.[11] The state court ruled on February 8, 2019 that the automatic stay did not apply.[12] This court has not been supplied with a written order or oral ruling containing the reasons for the state court's determination that the automatic stay did not apply, but counsel indicated at a hearing before this court – and it seems quite likely – it was because the court concluded the action fell within the State's police and regulatory powers and was excepted from the automatic stay pursuant to 11 U.S.C. § 362(b)(4).

In any event, on the same day the trial court ruled that the automatic stay did not apply, the State filed this adversary proceeding.

---

[9] *Petition for Permanent Injunction, Restitution, Civil Penalties, and Other Relief* (ECF No. 43-2) at 12-13.
[10] 11 U.S.C. § 362.
[11] ECF No. 43-3.
[12] *Id.* The state court expressly preserved the defendants' opportunity to file for relief in the Missouri Court of Appeals. The docket shows no indication that the defendants have sought such relief.

The State's adversary complaint alleges six counts: five counts identical to the MMPA counts pled in Wright County, plus a sixth count asserting that any monetary obligations arising out of the MMPA be declared nondischargeable pursuant to § 523(a)(2)(A) of the Bankruptcy Code, which excepts from discharge debts for money obtained by false pretenses, a false representation, or actual fraud.

The State has recently filed two motions: a motion to amend its complaint to remove all of the MMPA counts; and a motion to stay these proceedings pending the outcome of the litigation in state court, which the docket shows continues to be actively litigated there. The debtors oppose the motions, and prefer that this court decide all matters.

*Discussion*

Despite the fact that the parties seem to agree this court has jurisdiction,[13] "[f]ederal courts have an independent duty to determine subject matter jurisdiction,"[14] and this court has serious doubts that it has jurisdiction to decide the MMPA issues.

28 U.S.C. § 1334(a) gives the federal courts "original and exclusive jurisdiction over cases under title 11"[15] – in other words, bankruptcy cases themselves. Section 1334(b) gives federal courts *non*-exclusive jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11."[16] Such civil proceedings are divided into two categories: core proceedings and non-core, related-to proceedings.[17] Core proceedings are those cases arising under

---

[13] The State alleges both in its original complaint and its proposed amended complaint that this court has jurisdiction over the complaint pursuant to 28 U.S.C. § 1334(b) because it is a proceeding arising in or related to a case under Title 11, and that it is constitutionally core and statutorily core pursuant to 28 U.S.C. § 157(b)(2)(B) and (I). *See* ECF No. 1 at ¶¶ 2 and 4; ECF No. 43-1 at ¶¶ 2 and 4. The debtors admit those allegations. ECF No. 31 at ¶¶ 2 and 4.
[14] *City of Kansas City, Mo. v. Yarco Co., Inc.*, 625 F.3d 1038, 1040 (8th Cir. 2010).
[15] 28 U.S.C. § 1334(a).
[16] 28 U.S.C. § 1334(b).
[17] *In re Farmland Indus., Inc.*, 567 F.3d 1010, 1017 (8th Cir. 2009) (citation omitted).

5

title 11, or arising in a case under title 11.[18] Non-core, related-to proceedings are those which "could conceivably have [an] effect on the estate being administered in bankruptcy."[19]

The bankruptcy court's authority to enter final orders and judgments in non-core, related-to proceedings turns on consent of the parties.[20] In a case proceeding under related-to jurisdiction, "there are two procedural avenues that a case may follow."[21] Under one approach, the bankruptcy court can submit proposed findings of fact and conclusions of law to the district court, after which, the district court enters a final order after conducting *de novo* review of the proposals.[22] Alternatively, the parties may consent to the bankruptcy court entering appropriate final orders,[23] with such final orders subject to traditional appeal rights. For the latter, express consent is not necessary; implied consent may suffice if the consent is knowing and voluntary.[24]

This court has both subject matter jurisdiction over and the authority to issue a final order on the State's Count VI regarding nondischargeability. Indeed, "the bankruptcy court has exclusive jurisdiction over whether a particular debt should be excepted from discharge under § 523(a)(2)."[25]

In contrast, the State's MMPA counts neither arise under title 11, nor in a case under title 11. Moreover, although a typical MMPA claim brought by a consumer could be statutorily core under 28 U.S.C. § 157(b)(2)(B), as relating to the allowance or disallowance of a claim, the State's

---

[18] *Id.* (citation omitted).
[19] *Id.* (citation omitted).
[20] *In re AFY, Inc.*, 902 F.3d 884, 889 (8th Cir. 2018).
[21] *Id.*
[22] *Id.* (citing 28 U.S.C. § 157(c)(1)).
[23] *Id.* (citing 11 U.S.C. § 157(c)(2)).
[24] *Wellness Intern. Network, Ltd. v. Sharif*, 135 S.Ct. 1932, 1948 (2015); *In re AFY*, 902 F.3d at 889. *See also* Fed. R. Bankr. P. 7008 (requiring parties in adversary proceedings to specifically plead whether they consent to the entry of final judgment by the bankruptcy court); Local Rule of Practice for the United States Bankruptcy Court, Western District of Missouri 7001-1 (requiring parties to state whether the matter is (1) both statutorily and constitutionally core; (2) statutorily, but not constitutionally core; or (3) noncore, and if (2) or (3) are alleged in any such pleading, that pleading shall further state whether the party consents to entry of final orders or judgment by the bankruptcy court). Neither party stated in their pleadings whether they consent to the entry of final orders by this court.
[25] *In re Morrison*, 2017 WL 564502 at *1 (Bankr. W.D. Mo. Feb. 10, 2017) (citing *In re Treadwell*, 459 B.R. 394, 403 (Bankr. W.D. Mo. 2011)).

MMPA claims are claims brought by the Missouri Attorney General pursuant to his authority under Chapter 407 of the Missouri Statutes. And, as opposed to a typical money judgment awarded to a consumer under the MMPA, the State is seeking a permanent injunction, restitution for the customers who were allegedly harmed by the defendants, and civil penalties. In other words, they are quasi-criminal in nature, which is why it would appear the state court held they were not subject to the automatic stay as being within the State's police and regulatory powers.

At best, the MMPA counts are related-to proceedings. As a result, this court would not be able to enter final judgment on those counts absent the State's consent, which it did not expressly give in its Complaint,[26] and to the extent its consent could have been implied early in the case, such consent has been withdrawn.

But even if this court did have jurisdiction and authority to issue final judgment on the MMPA counts, the court concludes it must abstain.

28 U.S.C. § 1334 contains two provisions regarding a bankruptcy court's abstention from hearing state court-related matters. Section 1334(c)(2), referred to as the "mandatory abstention" provision, provides, in relevant part:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.[27]

In other words, the bankruptcy court is required to abstain if "(1) a party to the proceeding files a timely motion to abstain; (2) the proceeding is based upon a state law claim or state law cause of

---

[26] The complaint did not contain an express statement of consent to entry of final judgment as required by Local Rule 7001-1.
[27] 28 U.S.C. § 1334(c)(2).

7

action; (3) the proceeding is a related (non-core) proceeding; (4) absent § 1334(b), the cause of action . . . could not have been commenced in a federal court; and (5) the proceeding is commenced and can be timely adjudicated in a state forum."[28] Although the gist of the State's recent filings sound like a request for abstention, the State has not technically asked for mandatory abstention. But for that problem, each of these elements for mandatory abstention is met.

Regardless, § 1334(c)(1) provides a second basis for abstention, known as "permissive abstention," which does not require a motion by a party.[29] That section provides, in relevant part, that "nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."[30] "Because the statute provides only general standards for determining whether abstention is appropriate, i.e., 'in the interest of justice, or . . . comity,' courts have been guided by 'well developed notions of judicial abstention,' which include the premise that federal courts should exercise their jurisdiction if it is properly conferred and that abstention is the exception rather than the rule."[31] Factors courts consider in determining whether permissive abstention include:

> (1) the effect or lack thereof on the efficient administration of the estate if a Court recommends abstention,
>
> (2) the extent to which state law issues predominate over bankruptcy issues,
>
> (3) the difficult or unsettled nature of the applicable law,
>
> (4) the presence of a related proceeding commenced in state court or other nonbankruptcy court,

---

[28] 1 *Collier on Bankruptcy* ¶ 3.05[2] (Richard Levin & Henry J. Sommer eds.,16th ed.) (footnotes omitted).
[29] *In re Pilipovic*, 2015 WL 7273325, at *4 (E.D. Mo. Nov. 18, 2015) ("Permissive abstention [under 28 U.S.C. § 1334(c)(1)] allows district courts the authority abstain, *sua sponte*, from proceedings in the interest of comity with state courts or respect for state law.")
[30] 28 U.S.C. § 1334(c)(1).
[31] *In re Williams*, 256 B.R. 885, 893-94 (B.A.P. 8th Cir. 2001) (citations and footnote omitted).

(5) the jurisdictional basis, if any, other than 28 U.S.C. § 1334,

(6) the degree of relatedness or remoteness of the proceeding to the main bankruptcy case,

(7) the substance rather than the form of an asserted "core" proceeding,

(8) the feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court,

(9) the burden on the bankruptcy court's docket,

(10) the likelihood that the commencement of the proceeding involves forum shopping by one of the parties,

(11) the existence of a right to a jury trial, and

(12) the presence in the proceeding of nondebtor parties.[32]

"Courts should apply these factors flexibly, for their relevance and importance will vary with the particular circumstances of each case, and no one factor is necessarily determinative."[33]

Addressing each factor in turn:

- ***The effect or lack thereof on the efficient administration of the estate***

This court sees no adverse effect on the efficient administration of the estate in allowing the state court to decide the MMPA issues. Again, it is particularly noteworthy that the state court is, in fact, proceeding on the MMPA issues, having determined the automatic stay did not apply. It is not efficient to have the same issues being concurrently tried in two different courts. And, allowing the state court litigation to proceed will have little or no effect on the Chapter 7 trustee in collecting assets for the estate. This factor weighs heavily in favor of abstention

- ***The extent to which state law issues predominate over bankruptcy issues***

---

[32] *In re Stabler*, 418 B.R. 764, 769 (B.A.P. 8th Cir. 2009) (citing *Williams*, 256 B.R. at 893-94); *see also Enslein v. Johnston*, 2018 WL 1508877 at *4 (W.D. Mo. March 27, 2018) (listing similar factors).
[33] *In re Chicago, Milwaukee, St. Paul & Pacific Railroad Co*, 6 F.3d 1184, 1189 (7th Cir. 1993) (cited by *Stabler*, 418 B.R. at 769 n. 10); *see also Enslein v. Johnson*, 2018 WL 1508877 at *4 ("No one factor is determinative, and the relevance and importance of each factor varies depending on the facts of each case.") (citation omitted).

State law issues not only predominate the MMPA claims, they completely control them. This factor weighs in favor of abstention.

- *The difficult or unsettled nature of the applicable law*

The court has no concerns about the difficult or unsettled nature of the MMPA in general, but for the reasons already stated, this court should not (and likely cannot) order the types of relief requested by the State under the MMPA. This factor weighs in favor of abstention.

- *The presence of a related proceeding commenced in state court or other nonbankruptcy court*

Clearly, there is a related proceeding commenced in state court – again, one which is currently proceeding despite the bankruptcy filing. This factor weighs in favor of abstention.

- *The jurisdictional basis, if any, other than 28 U.S.C. § 1334*

There is no jurisdictional basis for this court to rule on the MMPA claims other than 28 U.S.C. § 1334. This factor weighs in favor of abstention.

- *The degree of relatedness or remoteness of the proceeding to the main bankruptcy case*

Certainly, if the State obtains a monetary judgment for restitution or civil penalties or costs, it will affect the distribution of any assets out of the estate. However, as discussed, the quasi-criminal nature of the State's case renders the state court litigation significantly more remote than a typical lawsuit state court lawsuit seeking a money judgment. This factor weighs in favor of abstention.

- *The substance rather than the form of an asserted "core" proceeding*

As discussed above, the MMPA claims are not core. This factor weighs in favor of abstention.

- *The feasibility of severing state law claims from core bankruptcy matters to allow judgments to be entered in state court with enforcement left to the bankruptcy court*

10

Although the debtors would understandably prefer to have all of the litigation occur in one place, the MMPA counts can feasibly be severed from the nondischargeability count and for the reasons discussed, should be. This factor weighs in favor of abstention.

- *The burden on the bankruptcy court's docket*

The bankruptcy court's docket is not overly burdened. This factor weighs against abstention.

- *The likelihood that the commencement of the proceeding involves forum shopping by one of the parties*

To the extent there was forum shopping, it could be said that the debtors forum shopped by filing bankruptcy to stop the state court action. To preserve its alleged fraud claims, the State had no choice but to file an adversary complaint with the bankruptcy court. This factor is therefore neutral.

- *The existence of a right to a jury trial*

The debtors are entitled to a jury trial on the MMPA counts. This factor weighs heavily in favor of abstention.

- *The presence in the proceeding of nondebtor parties*

The State has named the debtors' limited liability companies, Rough Country Rustic Furniture, LLC and Rustic Concealment Solutions, LLC, as co-defendants in the state court litigation, and is making alter ego allegations in the state court. These entities are not debtors in bankruptcy. There are also more than 1,400 affected consumers located all across the country who have not been scheduled as creditors in the bankruptcy case, over whom this court has no jurisdiction. This factor weighs heavily in favor of abstention.

## CONCLUSION

The debtors assert that they will be prejudiced by having to litigate the same issues twice. But, as the State points out, the elements of the MMPA cause of action and the nondischargeability are not the same, and, of necessity, the MMPA claim must be liquidated by some court; the state court has already determined no stay is in effect; and this court likely has no jurisdiction or authority to do so. The debtors are thus facing two trials in any event, unless they prevail before the state court. The debtors assert that they have been prejudiced by the amount of time they have spent litigating this adversary before the bankruptcy court, but frankly, the adversary is still in its initial stages (the parties are squabbling about written discovery) and no trial has been set, so the court fails to see any prejudice.

In sum, the court concludes that, to the extent this court has jurisdiction and authority to enter final orders on the MMPA claims in the first place, the factors overwhelmingly favor this court's abstaining from those claims pursuant to 28 U.S.C. § 1334(c)(1). In light of that, and considering that courts are to "freely give leave when justice so requires,"[34] the State's motion to amend the complaint to remove the MMPA counts will be granted. This adversary proceeding to determine the dischargeability of any monetary judgment will be held in abeyance pending a final judgment from the state court.

ACCORDINGLY, this court abstains from hearing the Counts I – V of the Plaintiff's Complaint alleging violations of the Missouri Merchandising Practices Act; the Plaintiff's Motion for Leave to File Amended Complaint (ECF No. 43) is GRANTED, the amended complaint to be filed within 14 days; the Plaintiff's Motion for Abeyance of the Adversarial Action During the Pendency of the State Court Case is GRANTED; the debtors' time to answer the amended

---

[34] Fed. R. Civ. P. 15(a)(2) made applicable here by Fed. R. Bankr. P. 7015; *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998).

complaint and all pending motions related to discovery are likewise stayed. The court further directs the parties to advise the state court that the state court may liquidate the State's claims, assess any monetary penalties or award other relief against the debtors, but that any action to enforce monetary relief against the debtors is stayed pending further order of this court, and that in the event the state court determines there is a debt that the debtors owe, this court retains exclusive jurisdiction to determine whether that debt is nondischargeable.

    IT IS SO ORDERED.

                                                                s/ Cynthia A. Norton
                                                              Chief Judge Cynthia A. Norton